**Emile HALFON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23717.**

United States Court of Appeals
Fifth Circuit.

July 6, 1967.

Rehearing Denied July 25, 1967.

Fred A. Jones, Jr., Max B. Kogen, Miami, Fla., for appellant.

James O. Murphy, Jr., and Donald Bierman, Asst. U. S. Attys., Miami, Fla., for appellee.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

Halfon was indicted, tried and convicted on two counts of devising a scheme, involving interstate commerce, to defraud one Genevra McAlister in violation of 18 U.S.C.A. § 2314.[1] On appeal Halfon urges that the evidence is insufficient to sustain the verdict, and that it was error to admit into evidence certain checks allegedly made by one Adjmi, an alleged party to the scheme, to Halfon and endorsed by Halfon. We affirm.

The testimony, viewed in the light most favorable to the government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, clearly sustains the jury's verdict. We are not persuaded that it was error to admit the Adjmi-Halfon checks. A fair reading of the record discloses (and it was not controverted in oral argument) that the parties stipulated that the checks introduced were negotiated through the Adjmi account in the regular course of business of his bank. This being so, a proper predicate was laid for their introduction when limited by the District Court to "show a connection between the persons handling the other checks [Adjmi and McAlister] and the defendant."[2]

Written on each of the checks was "Commission on McAlister sale." The connection of a defendant in a criminal case with a writing may be estab-

---

1. § 2314 provides in pertinent part that: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in, or to be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more;

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

2. It was, of course, unnecessary to prove that Halfon endorsed the checks and received the funds for this is not an essential element of the offense with which he was charged.

lished by circumstantial as well as direct evidence. Hartzell v. United States, 8 Cir. 1934, 72 F.2d 569, 678, and decisions there cited.

Affirmed.